**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ZANE HUBBARD,<br><br>        Petitioner,<br><br>    v.<br><br>COMMISSION ON JUDICIAL PERFORMANCE,<br><br>        Respondent. | Case No. 1:14-cv-00328-AWI-BAM-HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE (DOC. 1), DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DIRECT THE CLERK TO CLOSE THE ACTION<br><br>OBJECTIONS DEADLINE:<br>THIRTY (30) DAYS |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court is the petition, which was filed on March 10, 2014.

    I.   Screening the Petition

    Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears

1

from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, Petitioner, an inmate of the Corcoran State Prison, challenges the decision of California's Commission on Judicial Performance (CJP). The decision is in a letter dated February 6, 2014 (pet., doc. 1, 16), declining to take further action on Petitioner's complaint concerning alleged judicial misconduct based

on the judicial rulings of an unidentified judge.  Petitioner alleges that the CJP violated his rights under the Ninth, Eleventh, and Fourteenth Amendments when it failed to apply the law, engaged in contempt and false advertising, and failed to construe the law in a way that resulted in relief to Petitioner.  Likewise, Petitioner alleges generally that state counsel of the CJP engaged in contempt under California statutory law and denied Petitioner's right to due process of law.  Petitioner also challenges either the CJP's failure to consider the ruling, or the ruling itself, made by a justice of the Court of Appeal of the State of California, in which the judge denied Petitioner's request for relief concerning prison conditions because Petitioner had failed to exhaust administrative remedies.  Petitioner alleges that this conduct prevented Petitioner's access to the courts.  (Id. at 5-13.)

Petitioner seeks a grand jury indictment of the CJP, punishment of the CJP for criminal contempt pursuant to California statute, and unspecified relief for unlawful restraint and conditions of confinement.  (Id. at 14.)

In exhibits, reference is made to the rulings of Magistrate Judges Seng and Oberto in other proceedings in this Court involving Petitioner as a party.  (Id. at 20, 52-59, 69-74, 98.)

With respect to exhaustion of state court remedies, Petitioner states that he did not raise his claims concerning the CJP in the state trial courts or other courts; rather, Petitioner contends that the CJP constitutes the highest state court concerning matters of judicial misconduct and that thus, after the CJP declined to proceed with Petitioner's complaint, Petitioner's only remedy is a "DIRECT APPEAL" to this Court.  (Id. at 6-13.)

II. <u>Absence of Subject Matter Jurisdiction</u>

A federal court is a court of limited jurisdiction with a continuing duty to determine its own subject matter jurisdiction and to dismiss an action where it appears that the Court lacks jurisdiction. Fed. R. Civ. P. 12(h)(3); <u>CSIBI v. Fustos</u>, 670 F.2d 134, 136 n.3 (9th Cir. 1982) (citing <u>City of Kenosha v. Bruno</u>, 412 U.S. 507, 511-512 (1973)); <u>Billingsley v. C.I.R.</u>, 868 F.2d 1081, 1085 (9th Cir. 1989).

A court will not infer allegations supporting federal jurisdiction; a federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears, and thus federal subject matter jurisdiction must always be affirmatively alleged. Fed. R. Civ. P. 8(a); <u>Stock West, Inc. v. Confederated Tribes of the Colville Reservation</u>, 873 F.2d 1221, 1225 (9th Cir. 1989). A federal court must have subject matter jurisdiction to consider a habeas corpus claim before it may reach the merits of the claim. <u>Wilson v. Belleque</u>, 554 F.3d 816, 821 (9th Cir. 2009), <u>cert. den.</u>, 130 S.Ct. 75 (2009). When a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the action. <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 514 (2006); <u>Moore v. Maricopa County Sheriff's Office</u>, 657 F.3d 890, 894 (9th Cir. 2011). Ordinarily a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a party with a claim may reassert the claim in a competent court. <u>Frigard v. United States</u>, 862 F.2d 201, 204 (9th Cir. 1988), <u>cert. denied</u> 490 U.S. 1098 (1989).

Since the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act

4

of 1996 (AEDPA), the AEDPA applies in this proceeding. <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997); <u>Furman v. Wood</u>, 190 F.3d 1002, 1004 (9th Cir. 1999).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375 n.7 (2000); <u>Wilson v. Corcoran</u>, 562 U.S. B, -, 131 S.Ct. 13, 16 (2010) (per curiam).

### A. <u>Absence of Custody</u>

A district court has subject matter jurisdiction to entertain a petition for a writ of habeas corpus only if the petitioner is "in custody" within the meaning of the habeas corpus statute at the time the petition is filed. 28 U.S.C. §§ 2241(c)(3) and 2254(a). "Custody" is not limited to actual physical incarceration; a petitioner is in "custody" if he is subject to restraints not shared by the public generally. <u>Jones v. Cunningham</u>, 371 U.S. 236, 243 (1963). However, a petitioner must be in custody with respect to the very judgment he attacks. See <u>Maleng v. Cook</u>, 490 U.S. 488, 490-492 (1989).

Here, Petitioner challenges an administrative decision of the CJP concerning a complaint of judicial misconduct. There is no basis in the record for a conclusion that the CJP's decision is the basis of Petitioner's custody. Petitioner is not in "custody" with respect to the judgment he challenges. Challenges by petitioners who are not in custody are not within the scope of habeas corpus. For example, it is recognized that 28 U.S.C. § 2254 does not confer

jurisdiction on the federal courts to consider collateral challenges to state court judgments involuntarily terminating parental rights because federal habeas corpus represents a profound interference with state judicial systems and the finality of state decisions that should be reserved for those instances in which the federal interest in individual liberty is so strong that it outweighs federalism and finality concerns. Lehman v. Lycoming County Children's Services Agency, 458 U.S. 502, 515 (1982). Here, the CJP's decision is not the basis of Petitioner's custody. In short, the CJP's decision does not affect Petitioner's liberty.

### B. Conditions of Confinement

Further, Petitioner's complaints concerning the CJP and rulings on Petitioner's conditions of confinement do not affect the legality or duration of Petitioner's confinement. A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976 Adoption. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141 42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

Here, because the CJP's proceedings do not affect the legality or duration of Petitioner's confinement, Petitioner's claims would not warrant habeas relief and are not properly before this Court in this proceeding.

///

### III. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

7

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, the Court should decline to issue a certificate of appealability.

IV. <u>Recommendations</u>

In accordance with the foregoing analysis, it is RECOMMENDED that:

1) The petition for writ of habeas corpus be DISMISSED without prejudice for lack of subject matter jurisdiction; and

2) The Court DECLINE to issue a certificate of appealability; and

3) The Clerk be DIRECTED to close the action.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that a failure to file objections within the specified time period may result in a party's waiver of the right to

appeal the order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **April 3, 2014**                    /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE